**Jacqueline Smylie HERBST, Plaintiff-Appellant**

v.

**UNITED STATES, Defendant-Appellee**

**2016-2495**

United States Court of Appeals, Federal Circuit.

Decided: December 9, 2016

JACQUELINE SMYLIE HERBST, Tularosa, NM, pro se.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

Before Prost, Chief Judge, Lourie and Moore, Circuit Judges.

Per Curiam.

Jacqueline Smylie Herbst appeals a decision from the United States Court of Federal Claims ("Claims Court") dismissing her complaint as time barred. We *affirm*.

## BACKGROUND

Ms. Smylie Herbst served as a nurse in the United States Public Health Service Commissioned Corps ("USPHS") from 1986 to 1989. In 1989, she transferred to the Army Nurse Corps, where she served until 1997. In 1997, she transferred back to the USPHS and was stationed at the Fort Yuma Service Unit of the Indian Health Service ("IHS") in Arizona. On November 4, 1999, the IHS requested that Ms. Smylie Herbst be involuntarily separated for "failure to demonstrate the performance, conduct, dedication to duty or professional attitude, and attributes of an officer in the Uniformed Service." J.A. 171. Ms. Smylie Herbst's termination became final on December 31, 1999. J.A. 189. After her termination, she filed a request for reinstatement with the Board for Correction of Commissioned Corps Records. Her request for reinstatement was ultimately denied by the Deputy Assistant Secretary of the Department of Health & Human Services in December 2002.

In March 2003, Ms. Smylie Herbst was recalled by the Army and stationed at Fort Riley, where she served until June 2004. She then served in the Army reserve until 2009, where her service included postings in Germany and the Republic of Georgia. Ms. Smylie Herbst was honorably discharged from the Army in 2009, having attained the rank of Major.

Ms. Smylie Herbst contends her 1999 termination from the USPHS was in retaliation for filing a complaint against the Fort Yuma Service Unit with the Texas State Board of Nurse Examiners ("Texas State Board"). A few months before her 1999 termination, Ms. Smylie Herbst sent a letter to the Texas State Board raising allegations that, among other things, nurses at Fort Yuma effectively served as doctors by diagnosing patients and prescribing medicine. J.A. 190. Ms. Smylie Herbst filed a complaint in the Claims Court in January 2016, requesting back pay and credit for government service for the three-year period between her termination from the USPHS and the date she was recalled to active duty by the Army. The government moved to dismiss, arguing her complaint was time-barred under 28 U.S.C. § 2501. The Claims Court granted the motion, holding that Ms. Smylie Herbst failed to bring suit within six years after her claim first accrued. Ms. Smylie Herbst appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Claims Court lacks jurisdiction to hear claims "unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim arises "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012). In an action seeking back pay, a claim accrues "all at once at the time of discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003); *see id.* at 1314 ("[W]e have consistently held that the limitations period is established by the date of accrual, which is the date on which the service member was denied the pay to which he claims entitlement."). The six-year statute of limitations cannot be waived by the Claims Court or the parties. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1376–77 (Fed. Cir. 1998). Whether the Claims Court possesses jurisdiction over a claim is a question of law we review de novo. *FloorPro*, 680 F.3d at 1381.

Ms. Smylie Herbst's claim accrued on December 31, 1999, the day she was terminated from the USPHS. *See Martinez*, 333 F.3d at 1314. She did not file her complaint in the Claims Court until January 2016,

sixteen years later. This falls outside the Claims Court's six-year jurisdictional window. *See FloorPro*, 680 F.3d at 1381. Even if the statute of limitations did not accrue until her request for reinstatement was denied by the Deputy Assistant Secretary of the Department of Health & Human Services, her claim is still untimely because that denial occurred in December 2002.

While we agree with the Claims Court that Ms. Smylie Herbst "presented an arguably sympathetic case for unjust treatment during her time with the USPHS," her claim is barred by the statute of limitations. *See* J.A. 5. Therefore, the Claims Court lacked jurisdiction to hear it and properly granted the government's motion to dismiss.

CONCLUSION

The order from the United States Court of Federal Claims is *affirmed*.

**AFFIRMED**

COSTS

No costs.